## Bisazza v. D'Andrea

*Isadore Krasno,* for plaintiff.
*Frank A. Gallagher,* for defendant.

DALTON, J., May 4, 1942.—There can be no disposition of the exceptions filed herein upon the present state of the record. The practice of sending up, on certiorari, only a transcript of the justice's or alderman's docket entries, which appears to be so prevalent in this county, is strongly to be condemned. Section 22 of the Act of March 20, 1810, P. L. 208, 42 PS §957, provides:

"In all cases, either party shall have the privilege of removing the cause by writ of certiorari from before any justice, *whose duty it shall be to certify the whole proceeding had before him, by sending the original precepts, a copy of the judgment and execution or executions, if any be issued: . . .*" (Italics supplied.)

In accordance with the said section, the writ of certiorari issued in the present case commanded the alderman "that the plea aforesaid and warrant, summons, process, judgment, execution and all proceedings had, moved, pending or determined before you in the same plea, and all things touching the same . . . so full and entire as before you they remain, you certify and send together with this writ . . ."

The alderman returned only a transcript of his docket entries, certified in the usual form attached to transcripts taken for appeal or lien in the common pleas, as follows:

"I certify that the above is a correct transcript of the proceedings had before me in the above suit, and of record on my docket."

This was in no sense a compliance either with the statute or with the mandate of the writ.

Under the act cited, it is the duty of the justice or alderman to certify the whole proceedings as therein provided and he should return all papers in any manner connected with the proceedings as well as a copy of the docket entries.

And now, May 4, 1942, the record is remitted to the office of the prothonotary for such further action, if any, as counsel may deem fit.